IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

NANCY TARTT,                       )
                                   )
               Plaintiff,          )
                                   )
     v.                            )    No. 09 C 6517
                                   )
HURON CONSULTING GROUP, INC.,      )
                                   )
               Defendant.          )

                       MEMORANDUM ORDER

     Huron Consulting Services LLC ("Huron," erroneously named Huron Consulting Group, Inc. in the Complaint by Nancy Tartt ("Tartt")) has filed its Answer and Affirmative Defenses ("ADs") to that Complaint. This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

     To begin with, Answer ¶1 follows an entirely appropriate disclaimer under Fed. R. Civ. P. ("Rule") 8(b)(5) by stating "and, accordingly, denies said allegation." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from that paragraph of the Answer.

     In what appears to be another instance of a belt-and-suspenders mindset that may have led to the error described in the preceding paragraph, a flock of Huron's responses to Tartt's allegations provide what appear to be a complete treatment of her

allegations (see Rule 8(b)(1)(B)) with a catchall statement of this type (see Answer ¶¶2, 3 (perhaps), 5, 6, 7 and 12):

> Defendant denies each and every remaining allegation in this Paragraph -- of Plaintiff's Complaint.

That locution should be avoided, because it compels the reader to search the Complaint's allegations to see what morsels may be the subject of the remaining blanket denial.

Finally, Huron's ADs are also troublesome. AD 4 is a meaningless reservation as to the possible assertion of future ADs if, as Mr. McCawber had it, "something might turn up." AD 3 is wrong, because a failure to mitigate damages does not <u>bar</u> a claim, though it may reduce the claim. And ADs 1 and 2 contain the telltale phrase "to the extent"--wholly contingent and speculative terminology that confirms the pleader has failed to satisfy the notice pleading standard that applies to both plaintiffs and defendants in the federal court system. If Huron's counsel truly believes that Tartt has fallen short in any of the respects spoken of in those two ADs, that shortfall must be identified with appropriate specificity.

Accordingly the entire Answer and ADs are stricken, but with leave granted to replead in a proper fashion. No charge is to be made to Huron by its counsel for the added work and expense incurred in correcting counsel's own errors. Huron's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an

2

informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: November 12, 2009